NOS. 07-01-0107-CR

         07-01-0108-CR

         07-01-0109-CR

         07-01-0110-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 25, 2001

______________________________

DAVID MEDINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NOS. 43,028-E; 43,029-E; 43,136-E; 43-137-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

On March 22, 2001, copy of a Notice of Appeal in causes Nos.43,028-E, 43,029-E, 43,136-E and 43,137-E in the 108
th
 District Court of Potter County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk).  The document filed gives notice that appellant desires to appeal from convictions and sentences in such court and cause numbers.  On April 3, 2001, docketing statements were filed with the appellate clerk which set out that the appeals are from a judgment or order dated February 20, 2001.  

By letter dated June 18, 2001, the trial court clerk advised the appellate clerk that no clerk’s records were being prepared in the appeals because appellant’s retained counsel advised the trial court clerk that he had withdrawn from representing appellant on the cases, and the clerk had not received an order from the trial court to prepare a record for appeal.  The clerk’s records have not been filed.   

The appellate clerk’s record reflects no other correspondence from or action by any party to the appeal to prosecute the appeal.  Nor does the appellate clerk’s record reflect a notice of withdrawal from appellant’s trial counsel.    

Accordingly, this appeal is abated and the cause is remanded to the trial court.  
Tex. R. App. P. 2, 
37.3(a)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk’s record furnished without charge; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk’s record will be promptly filed and that the appeal will be diligently pursued.  If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.  

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk’s record on remand; (3) cause the hearing proceedings to be transcribed and included in a reporter’s record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk’s record or the reporter’s record.  In the absence of a request for extension of time from the trial court, the clerk’s record on remand, reporter’s record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than August 28, 2001. 

Per Curiam

Do not publish.